**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ANDY L. BUTTS, | ) |
|                 Plaintiff, | ) |
| vs. | ) Case No. CIV-08-1377-M |
| ALBERTSON'S, INC., a Delaware Corporation, | ) |
|                 Defendant. | ) |

**ORDER**

Before the Court is defendant's Motion for Summary Judgment and Brief [docket no. 11], filed August 3, 2009. On August 21, 2009, plaintiff filed his response, and on September 1, 2009, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.    INTRODUCTION

Plaintiff was a truck driver and employee of National Carriers, an independent contractor hired by defendant to transport its goods. Plaintiff was regularly dispatched out of defendant's Ponca City, Oklahoma distribution center and delivered goods to defendant's grocery stores throughout the state of Colorado. On March 4, 2006, plaintiff was injured while loading a truck in Littleton, Colorado during the course of delivery to defendant.

After receiving workers' compensation benefits from National Carriers, plaintiff brought an action against defendant, alleging negligence, and seeking damages for his injuries. Defendant now moves the Court for summary judgment on the basis that the Oklahoma Workers' Compensation Act affords the exclusive remedy for plaintiff's injuries.

II. SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pacific R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III. DISCUSSION

Workers' compensation, as codified as the Oklahoma Workers' Compensation Act ("Act"), Okla. Stat. tit. 85, § 1, *et seq.*, "is a mutual compromise in which the employee relinquishes his/her right to sue for damages sustained in job-related injuries; and the employer accepts no-fault liability for a statutorily prescribed measure of damages." *Weber v. Armco, Inc.*, 663 P.2d 1221, 1224 (Okla. 1983). Section 12 of the Act ("Act") provides in pertinent part:

> The liability prescribed in Section 11 of this title shall be exclusive and in place of all other liability of the employer and any of his

>employees..., at common law or otherwise, for such injury, loss of services, or death, to the employee....

Okla. Stat. tit. 85, § 12. "As a result, workers' compensation is the exclusive damage remedy for the injured employee; and the employer is given immunity from common-law tort liability." *Id.* A principal employer, however, may be secondarily liable for common law tort claims under the Act. *W.P. Atkinson Enter. v. Dist. Court of Okla. County*, 516 P.2d 541, 544 (1973). "But, we now recognize that the only relevant issue in determining secondary liability is whether the employee of the independent contractor is engaged in work that is a necessary and integral part of the employee's principal business, where the employer's principal business is covered by the Workmen's Compensation Act." *Id.*

Under Oklahoma law, therefore, "the principal for whom a contractor is performing work is immune from tort liability for injuries suffered by the contractor's employees in the course of that work, if the work performed by the contractor was 'necessary and integral' to the principal's operations." *Izard v. United States*, 946 F.2d 1492, 1494 (10th Cir. 1991).[1] "Accordingly, the principal is the statutory employer of the injured employees and is liable to the injured employees only under the Oklahoma Workers' Compensation Act." *Id.* The Oklahoma Supreme Court has adopted a three-tier test for determining an entity's statutory employer status. *Bradley v. Clark*, 804 P.2d 425, 427-28 (Okla. 1990).[2] First, a court must determine whether the work is specialized or

---

[1] Tasks performed by an independent contractor are a "necessary and integral" part of the principal's business when they are: (1) directly associated with the day-to-day activity carried on by the hirer's line of trade, industry or business or (2) would customarily be done in that line of business. *Murphy v. Chickasha Mobile Homes, Inc.*, 611 P.2d 243, 244 (Okla. 1980).

[2] The Oklahoma Supreme Court provided guidance on implementing the 'necessary and integral' test, as evolved, in the *Bradley* three-tier analysis.

non-specialized based on the level of skill, training and experience required to perform the work at issue. *Izard*, 946 F.2d at 1494. "If it is determined that the contract work is *specialized per se*, as a matter of law the work is not a part of the principal's trade, business or occupation, and the principal is not the statutory employer of the specialized contractor's employees." *Id*. Alternatively, "[i]f the contract work is not specialized *per se*, the court must then compare the contract work with the principal's trade, business, or occupation to determine whether the contract work could be considered a part thereof." *Izard*, 946 F.2d at 1494. Finally, a court reviews whether the principal was actually engaged, at the time of the injury, in the trade, business or occupation of the hired contractor. *Id*. The Oklahoma Supreme Court provides, in pertinent part, that:

> Our Workmen's Compensation Act makes no distinction between a common carrier performing services as an independent contractor and any other independent contractor in reference to secondary liability imposed upon the principal employer. The primary concern is whether the hazardous employment being performed is necessarily connected with and an integral part of the principal employer's business. If it is, the principal employer is secondarily liable under the Workmen's Compensation Act.

*Sun Oil Co. v. Martin*, 541 P.2d 841, 843 (Okla. 1975).

In this case, plaintiff asserts, under the third tier of the *Bradley* test, that defendant was not engaged in the business of National Carriers, the independent contractor, at the time of plaintiff's injury.[3] Instead, plaintiff contends that: (1) defendant did not have its own truck driver employees to make deliveries from its distribution center in Ponca City, Oklahoma; (2) plaintiff was not working exclusively for defendant; (3) plaintiff's own employer supervised him; (4) plaintiff was not under the exclusive control of defendant; and (5) plaintiff only delivered to defendant's specific

---

[3] Plaintiff does not dispute that the first and second tier of the *Bradley* test applies in the instant case.

4

stores one time per week and was present in the store for approximately ten (10) minutes to complete his work. Because the work performed cannot be considered part and parcel of defendant's day-to-day business operations, plaintiff contends defendant is not his statutory employer under Oklahoma state law.

Having reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff, the Court finds that defendant is secondarily liable under the Act such that plaintiff's exclusive remedy against defendant is under the Act. The mere fact defendant utilized an independent contractor to transport goods from Ponca City, Oklahoma to various locations in Colorado and did not utilize its internal resources to transport these goods between locations does not contravene that transportation, loading and unloading of goods are necessary and integral functions of the grocer's business. Furthermore, the Court finds that plaintiff's activities of transporting, loading and unloading goods on behalf of defendant are directly associated with the day-to-day activity carried on by defendant's business and would customarily be done in that line of business. Because plaintiff was performing an essential function of defendant's business under the "necessary and integral" test, and engaged, at the time of the injury, in the trade, business or occupation of the hired contractor under the *Bradley* test, the Court finds that defendant is a statutory employer secondarily liable for workers' compensation payments and, therefore, is immune under the Act since plaintiff has collected his workers' compensation payments from National Carriers.

## IV.     CONCLUSION

Because defendant is a statutory employer under the Act and is secondarily liable, the Court GRANTS the motion for summary judgment.

**IT IS SO ORDERED this 24th day of September, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE